## R. H. WILLIAMS, ETC., *v.* COMMONWEALTH FOR USE OWEN COUNTY COURT.

**Sheriffs and Constables—Pleading—Action on Bond.**

Where defendant, by a demurrer to plaintiff's petition, admits that defendant was elected sheriff of the county and executed bond with the other defendants as sureties, and had collected the county revenue to the sum of $——, and failed to pay it over, failure to allege that the bond was approved or accepted, or that the levy was made by the county court is not a ground of demurrer.

**Sheriffs and Constables—Pleading—Demand.**

In an action on a sheriff's bond as collector of taxes, failure to allege that a demand was made on the sheriff or his sureties for the fund due on settlement, by one authorized to receive it, renders the petition fatally defective.

**Sheriffs and Constables—Payment of Money—Order of Court.**

A sheriff has no right to pay money over to any of the officers of the court, unless ordered by the court to do so.

**Sheriffs and Constables—Demand—Action on Bond.**

In an action on a sheriff's bond, in his capacity as revenue collector, it must appear from the petition that the money due was demanded by some one authorized to receive it.

### APPEAL FROM OWEN CIRCUIT COURT.

June 12, 1873.

` OPINION BY JUDGE PRYOR:

Upon the demurrer to the petition the allegations that Williams was elected sheriff of Owen County and as such had executed bond with the other appellants as sureties thereon and had collected the county levy, amounting to $——, and failed to pay it over, would be taken as true, and therefore the failure to allege that the bond was approved or accepted or that the levy was made by the county court was no ground of demurrer.

If no bond had been executed by the parties charged they could only rely on it as a defense by way of answer as there is nothing on

the face of the petition showing that the bonds declared on were invalid.   Nor does it appear from the petition when the breaches of the two covenants were committed.   And upon breach of covenant binding the sureties that the sheriff would account for this levy, upon his failure to pay, an action can be maintained upon either covenant.   And whether the sureties on the cost bond are liable for the levy collected and used by the sheriff prior to its execution is a question not raised by the petition as there is no allegation with reference thereto, and this fact to be available as a defense must be pleaded.

The petition, however, is fatally defective in failing to allege that a demand was made of the sheriff or his sureties for the amount found due on the settlement by some one authorized to receive it. A sheriff has no right to pay the moneys over to any of the officers of the court, unless by an order of the court he is directed to do so.   Upon the report of settlement to the county court an order should have been made requiring the sheriff to pay this money to the county treasurer or some one else designated in the order and then upon a demand made and a refusal the action can be maintained and not before.   This identical question was decided by this court in the case of *Owens v. Ballard County Court,* 8 Bush 611.   The allegation that the money was demanded is insufficient.   It must appear on the face of the petition that it was demanded by some one authorized to receive it.

The petition presents no cause of action against either the sheriff or his sureties.

Wherefore the judgment of the court below is *reversed* and the cause remanded with directions to award the appellants a new trial and for further proceedings consistent herewith.

The appellee should be allowed to amend the petition and the questions raised by counsel for the appellants can then be made by answer.

*Grover, Montgomery & Revill, for appellants.*

*Craddock & Trabue, for appellees.*